UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SONJA PENNELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-01698-JRS-DLP |
| GLOBAL TRUST MANAGEMENT, LLC, | ) |
| Defendant. | ) |

**Entry on Cross-Motions for Summary Judgment (ECF Nos. 25, 30)**

Plaintiff Sonja Pennell alleges that Defendant Global Trust Management, LLC ("GTM") sent her a letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* GTM and Plaintiff each move for summary judgment. (ECF Nos. 25, 30.)

Mobiloans, LLC originated a loan to Plaintiff, and Plaintiff defaulted. Plaintiff's counsel sent Mobiloans a letter stating that (1) Pennell refused to pay the debt, and (2) all future communications must be directed to her counsel. Thereafter, GTM purchased Plaintiff's debt from Mobiloans, but Mobiloans did not provide the letter from Plaintiff's counsel or any other information indicating that Plaintiff had counsel or refused to pay the debt. (Torres Decl. ¶ 8, ECF No. 25-1.) GTM then sent Plaintiff a letter attempting to collect, and Plaintiff's counsel responded by letter, informing GTM that Plaintiff refused to pay and that Plaintiff was represented by counsel. (ECF No. 25-8, ¶ 1; ECF No. 26 at 3; ECF No. 31 at 5, ¶ 11.) GTM never again

1

attempted to contact Pennell directly about the debt. (ECF No. 25-1 at ¶ 6; ECF No. 26 at 3.)

Plaintiff alleges that GTM's letter violated § 1692c(a)(2) and (c) because Plaintiff notified Mobiloans in writing that she refused to pay the debt and that she was represented by an attorney. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney," and section 1692c(c) forbids communication "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication[.]" GTM argues that it is entitled to summary judgment because it had neither actual knowledge that Plaintiff was represented by counsel nor notice that Plaintiff had refused to pay the debt. Plaintiff responds that Mobiloans's knowledge and notice were imputed to GTM when GTM purchased the debt.

As a debt purchaser, GTM does not appear to be a "debt collector" subject to the FDCPA. *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017). "A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004). Summary judgment would thus appear to be warranted without even wading into the FDCPA's prohibitions, but GTM—rather puzzlingly—first denies in its answer, (Answer ¶ 25, ECF No. 8), and then "admits[,] for the purpose of this litigation only, that it meets [the] definition of debt collector set forth in the [FDCPA]." (Def.'s Supp. Resp. to Pl.'s Interrog. ¶ 10, ECF No. 25-8.)

2

Even assuming that GTM is a debt collector subject to the FDCPA, GTM is entitled to summary judgment. Courts do not impute to debt collectors the information in creditors' files. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004). But, Plaintiff argues, GTM is not merely a debt collector; it is a debt *purchaser* and therefore—according to Plaintiff—acquired "all rights and liabilities" associated with Plaintiff's debt. Plaintiff's authorities all address the acquisition of rights and liabilities through assignment. *See Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285, 288 (7th Cir. 2005) ("the assignee steps into the shoes of the assignor, assuming his rights as well as his duties"); *Cox v. CA Holding Inc.*, Case No. 1:13-cv-1754-JMS, 2015 WL 631393*13 (S.D. Ind. Feb. 13, 2015) ("an assignee has rights and liabilities identical to those of its assignor"); *Scott v. Durham*, 772 F. Supp. 2d 978, 980 (N.D. Ind. 2011) ("it is a well-settled principle of contract law that a valid assignment gives the assignee *neither greater nor lesser rights* than those held by the assignor"). Knowledge, though, is neither a right nor a liability; it is "a state of mind." *See Knowledge*, BLACK'S LAW DICTIONARY (11th ed. 2019); *Randolph*, 368 F.3d at 729 ("the statute asks what the debt collector knows, not what the creditor knows"). A debt purchaser does not acquire the seller's knowledge—or any other state of mind—any more than a homebuyer acquires the seller's neighborly grudges or fond memories of last year's block party. Lacking knowledge (actual or otherwise), GTM did not violate the FDCPA by sending the letter, and summary judgment for GTM is warranted.

Accordingly, GTM's motion for summary judgment (ECF No. 25) is **granted**, Plaintiff's cross motion for summary judgment (ECF No. 30) is **denied**, and Plaintiff's

claims are **dismissed** on the merits with prejudice. Final judgment shall be entered separately.

**SO ORDERED.**

Date: 8/20/2019

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

Brendan H. Little
LIPPES MATHIAS WEXLER FRIEDMAN LLP
blittle@lippes.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com